UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BLAKE L. ANDERSON,

Plaintiff,

v.

JUDGE J. SCISENTO, *et al.,*

Defendants.

Case No. 2:18-cv-02376-MMD-GWF

**ORDER**
**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on December 13, 2018.

## **BACKGROUND**

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Judge J. Scisento and three of Plaintiff's former court appointed attorneys, Patricia Doyle, Dean Kajioka, and Monique McNeil violated his due process and equal protection rights. He states that the district court did not have jurisdiction to conduct his trial, that Judge Scisento illegally appointed counsel, and that Defendants Doyle, Kajioka, and McNeil failed to correct unlawful conduct. He further alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO).

## **DISCUSSION**

**I.   Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant

1    to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

2    Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,*

127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Instant Complaint**

    **A.   Plaintiff's § 1983 Claims**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

        **1.   Judicial Immunity**

The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). "Courts

have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d at 1075; *Miller*, 521 F.3d at 1145; *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992).

Plaintiff alleges that Defendant Judge Scisento violated his rights by illegally appointing him attorneys and conducting a trial for which the court did not have jurisdiction. Plaintiff asserts claims against Defendant Judge Scisento for conduct undertaken in his official judicial capacities. Judge Scisento is, therefore, entitled to judicial immunity from Plaintiff's § 1983 claims. As a result, the Court recommends dismissal of Plaintiff's claims against Judge Scisento with prejudice for failure to state a claim upon which relief can be granted. It is clear from the face of his complaint that these deficiencies cannot be cured by amendment. Thus, Defendant should not be granted leave to amend his complaint.

**2. Plaintiff's Claims against Public Defender and Court Appointed Attorneys.**

When public defenders act in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). This is because public defenders' conduct as legal advocates is controlled by rules of professional conduct, which is independent of the administrative direction of a supervisor. *See Vermont v. Brillon*, 556 U.S. 81, 92 (2009). The same rationale applies to a court-appointed attorney. *Crawford v. Sherrer*, 2003 WL 21018238, at *1 (N.D. Cal. Apr. 24, 2003). *See also Georgia v. McCollum,* 505 U.S. 42, 53, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992); *Polk County v. Dodson,* 454 U.S. 312, 320–25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Here, Plaintiff asserts claims against public defender Patricia Doyle and court-appointed attorneys Dean Kajioka and Monique McNeil for conduct taken in their role as Plaintiff's advocate. Defendants Doyle, Kajioka, and McNeil were therefore not "acting under color of law" for § 1983

4

1 purposes. As a result, the Court recommends dismissal of Plaintiff's claim against Defendants Doyle, Kajioka, and McNeil with prejudice for failure to state a claim upon which relief can be granted.

### 3. Criminal Conviction

Federal district courts do not have appellate jurisdiction over a state court. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). When a plaintiff seeks damages on a § 1983 claim that implicates the constitutionality of the plaintiff's conviction or sentence, he must demonstrate that the conviction or sentence has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983." *Id.* at 487.

Under his request for release, Plaintiff requests release from prison and monetary damages. However, his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid. "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. 477, 489–90, 114 S. Ct. 2364, 2374, 129 L. Ed. 2d 383 (1994). To the extent that Plaintiff is seeking relief in regard to his criminal conviction, this claim should be dismissed. However, the dismissal must be without prejudice so that he may file an action in the appropriate court in the event he succeeds in invalidating his conviction. *See Parks v. Johnson*, 2017 WL 1368984, at *4 (D. Nev. Mar. 7, 2017), <u>report and recommendation adopted,</u> 2017 WL 1371257 (D. Nev. Apr. 11, 2017) (citing *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015)).

### B. Plaintiff's RICO Claim

Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of

racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). A "'pattern' ... requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Id.*

Plaintiff alleges that Defendants "by their very actions are all a part of a criminal organization within the Clark County court system, in the derict [sic] action of their duty's [sic]." *See Complaint* (ECF No. 1-1), 4. Plaintiff fails to allege any facts in the complaint establishing a cause of action under the racketeering statute at 18 U.S.C. § 1962, et seq. Federal Rule of Civil Procedure 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Bach v. Idaho State Bd. of Med.*, 2012 WL 175417, at *5 (D. Idaho Jan. 20, 2012) (citing *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir.2007). Plaintiff does not differentiate his claims as to each Defendant. He further makes conclusory statements about their liability that are insufficient as a matter of law and do not satisfy Rule 9(b). Plaintiff does not identify the violations of the criminal statutes listed under 18 U.S.C. § 1961 that the Defendants committed and that constitute "racketeering activity" as required by RICO. It is clear from the face of his complaint that these deficiencies cannot be cured by amendment. Thus, Plaintiff should not be granted leave to amend his complaint. Accordingly,

. . .

. . .

. . .

. . .

. . .

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1198589), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint against Defendant Judge Scisento and Defendants Doyle, Kajioka, and McNeil be **dismissed** with prejudice due to Plaintiff's failure to state a claim for which relief can be granted.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or

appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 26th day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE